**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SOUTHEAST SERVICE CORP. d/b/a SCC SERVICE SOLUTIONS,<br><br>Plaintiff,<br><br>v.<br><br>CONTROL TFS WEST, INC., CONTROL FACILITY SERVICES, LLC and CONTROL EQUITY GROUP, INC.,<br><br>Defendants | Civ. No. 12-cv-5321 (KM) (MAH)<br><br>**MEMORANDUM OPINION & ORDER** |

**KEVIN MCNULTY, U.S.D.J.:**

     This action arose out of a dispute concerning payments for janitorial and housekeeping services provided by the plaintiff, Southeast Service Corp. d/b/a SCC Service Solutions ("SSC") for Defendants Control TFS West, Inc., Control Facility Services, LLC, and Control Equity Group, Inc. (collectively, "Control"). Originally, Control initiated suit in 2012 against SCC for tortious inference and declaratory judgment, and SCC counterclaimed and asserted a third-party complaint. (ECF nos. 1, 7) By joint stipulation, Control's affirmative claims were dismissed with prejudice and the parties were repositioned in the caption. (ECF no. 44) The parties continued to litigate the action until jointly informing the Court that the parties had reached a settlement in January of 2015. (ECF no. 49) This Court then issued an order dismissing the action on January 29, 2015 ("Dismissal Order"). (ECF no. 50) Now before the Court is SCC's motion to reopen the case and enforce the terms of the settlement. (ECF no. 51) For the reasons set forth below, the motion is denied.

     It is axiomatic that enforcement of a settlement agreement is not merely the continuation or renewal of the original, dismissed suit, but is a separate

contract dispute which requires its own basis for jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 378, 114 S.Ct. 1673 (1994); *Nelson v. Pennsylvania*, 125 F. App'x 380, 382 (3d Cir. 2005). A court may retain jurisdiction to enforce a settlement agreement under the doctrine of ancillary jurisdiction. *Id.* Where a federal district court dismisses an action pursuant to a settlement agreement, ancillary jurisdiction to enforce that settlement exists where "the parties' obligations to comply with the terms of the settlement agreement had been made part of the order of dismissal," either by a separate provision pursuant to which the court retains jurisdiction over the agreement or by incorporating the agreement's terms into the order. *Kokkonen* 511 U.S. at 381; *In re Phar-Mor, Inc. Secs. Litig.*, 172 F.3d 270, 274 (3d Cir. 1999).

> The Dismissal Order entered in this case read as follows:
>
> It having been reported to the Court that the above-captioned matter has been settled, [it is] ordered that this matter be and hereby is dismissed without costs and with prejudice, subject to the right, upon good cause shown within sixty (60) days, to reopen the action if the settlement is not consummated.

(ECF no. 50) The Dismissal Order neither includes a provision retaining jurisdiction over the settlement nor incorporates the settlement terms. *See U.S. v. Zoebisch*, 586 F. App'x 852, 855 (3d Cir. 2014) (finding district court had jurisdiction to enforce settlement agreement where dismissal order "specifically reserved jurisdiction to enforce the settlement in the event a party moved to reopen within the 60–day window"); *see also Guzman v. Nirvana Pool & Spa, LLC*, 2011 WL 108953, at *1 (D.N.J. Jan. 12, 2011). Although mention of the settlement is made in passing, this is insufficient on its own to confer subject matter jurisdiction over settlement enforcement. *See Shaffer v. GTE North, Inc.*, 284 F.3d 500, 503 (3d Cir. 2002) (noting that reference in a dismissal order to counsel-reported settlement does not incorporate the settlement agreement in the dismissal order).

Absent retention of jurisdiction (beyond 60 days, that is) in an order of dismissal, "enforcement of the settlement agreement is for state courts, unless

2

there is some independent basis for federal jurisdiction." *Kokkonen*, 511 U.S. at 382. Although this Court may have an independent basis for jurisdiction over the settlement agreement dispute on the basis of diversity, "the proper vehicle to exercise that jurisdiction" would be a separate action to enforce the settlement. *In re Nazi Era Cases Against German Defs. Litig.*, 213 F. Supp. 2d 439, 450 (D.N.J. 2002). A separate action would be more appropriate here because the individual against whom the settlement is sought to be enforced was never a party to this original action. All of the parties in this action are, apparently, in agreement as to the terms of the settlement.

Plaintiff has, in fact, already filed a separate action, pending before this Court, to enforce the terms of the settlement. Civ. No. 15-4160. The proper course is to pursue the breach of contract claims against Neal Turen in that separate action. Accordingly, I do not find that there is good cause to reopen this closed action.

## ORDER

Plaintiff having filed a motion to reopen the case and to enforce the settlement (ECF no. 51); and interested party Neal Turen having filed an opposition (ECF no. 54); and Plaintiff having filed a reply (ECF no. 57); and the Court having considered the submissions and decided the matter without oral argument, *see* Fed. R. Civ. P. 78; and good cause appearing therefor:

IT IS this 4th day of March, 2016,

ORDERED that the motion to reopen the case and to enforce the settlement is DENIED.

**KEVIN MCNULTY**
**United States District Judge**