**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SOUTHEAST SERVICE CORP. d/b/a SCC SERVICE SOLUTIONS,**<br><br>**Plaintiff,**<br><br>v.<br><br>**CONTROL TFS WEST, INC., CONTROL FACILITY SERVICES, LLC and CONTROL EQUITY GROUP, INC.,**<br><br>**Defendants** | Civ. No. 12-cv-5321 (KM) (MAH)<br><br>**MEMORANDUM OPINION & ORDER** |

**MCNULTY, U.S.D.J.:**

    In an earlier memorandum opinion (ECF No. 58), I denied the motion of the plaintiff, Southeast Service Corp. d/b/a SCC Service Solutions ("SSC"), to reopen this dismissed case and enforce the terms of a previous settlement. Now before the court is SSC's motion for reconsideration of that ruling. (ECF No. 59) Certain circumstances, allegedly overlooked by the Court, in SSC's view give the Court jurisdiction to enforce the terms of the settlement agreement. I have considered the motion and the response of Mr. Turen (ECF No. 60), and decided the motion on the papers without oral argument. The motion for reconsideration is denied.

    The standards governing a motion for reconsideration (or reargument) are well settled. *See generally* D.N.J. Loc. Civ. R. 7.1(i). Reconsideration is an "extraordinary remedy," to be granted "sparingly." *NL Indus. Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996). Generally, reconsideration is granted in three scenarios: (1) when there has been an intervening change in the law; (2) when new evidence has become available; or (3) when necessary to correct a clear error of law or to prevent manifest injustice. *See North River Ins.*

*Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995); *Carmichael v. Everson*, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004). Local Rule 7.1(i) requires such a motion to specifically identify "the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." *Id.; see also Egloff v. New Jersey Air Nat'l Guard*, 684 F. Supp. 1275, 1279 (D.N.J. 1988). Evidence or arguments that were available at the time of the original decision will not support a motion for reconsideration. *Damiano v. Sony Music Entm't, Inc.*, 975 F. Supp. 623, 636 (D.N.J. 1997); *see also North River Ins. Co.*, 52 F.3d at 1218; *Bapu Corp. v. Choice Hotels Int'l, Inc.*, 2010 WL 5418972, at *4 (D.N.J. Dec. 23, 2010) (citing *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001)). Mere disagreement with a holding is properly expressed *via* an appeal from the court's final judgment, not *via* a motion for reconsideration. *See Morris v. Siemens Components, Inc.*, 938 F. Supp. 277, 278 (D.N.J. 1996).

SSC bases its motion on the third ground: some overlooked basis for the decision that, if not considered, would result in a clear error of law or manifest injustice.

First, SSC argues that the Court failed to appreciate that Neal Turen is an interested party over whom the Court has personal jurisdiction. Turen, says SSC, waived the defense of lack of personal jurisdiction when entering into the settlement agreement. SSC is confusing the court's subject matter jurisdiction (*i.e.*, the federal court's power to hear a case) with personal jurisdiction (*i.e.*, the court's power over a party). Subject matter jurisdiction and personal jurisdiction are distinct and independent. *Malaysia Int'l Shipping Corp. v. Sinochem Int'l Co.*, 436 F.3d 349, 367 (3d Cir. 2006), *rev'd on other grounds*, *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 127 S.Ct. 1184 (2007).[1]

---

[1] The case on which SSC relies, *Quincy V, LLC v. Herman*, 652 F.3d 116 (1st Cir. 2011), reached the question of personal jurisdiction only after the court determined that it had subject matter jurisdiction over the action. 652 F.3d at 121 ("[O]nce the district court re-established jurisdiction, it had ancillary jurisdiction to enforce the settlement agreement by the parties."). There, the court found it had subject matter

My earlier ruling was based on the court's lack of jurisdiction over the case; whether it has personal jurisdiction over Mr. Turen was and is irrelevant to that issue. Personal jurisdiction would come into play only if the court had before it a case that it was empowered to hear. SSC's argument establishes, at best, that *if* this court had jurisdiction over the case, it *could* assert personal jurisdiction over Turen, a non-party. However, as established in my prior Memorandum Opinion & Order, this Court lacks jurisdiction over the case. The case has been finally decided, and is closed. Whether Turen could theoretically be made part of that closed case, if it were open, is a moot point. The Court's order dismissing the action did not retain jurisdiction over the settlement, and it did not incorporate the terms of the settlement agreement. (Mem. Op. & Order at 2)

Second, SSC contends that the Court erred in relegating the breach of the alleged settlement agreement to a separate action. The Court was wrong, says SSC, when it stated that "[a]ll of the *parties in this action* are, apparently, in agreement as to the terms of the settlement." (Mem. Op. & Order at 3; emphasis added) Mr. Turen, it says, does not agree as to the terms of the settlement. But Mr. Turen is not a party to this action; the Court's statement was correct. At any rate, I fail to see why this means the Court possesses jurisdiction over the case. Turen's status as a non-party is, if anything, a further argument for bringing a separate action against him.

SSC also argues that it would be more economical and efficient to litigate the settlement dispute in this case. I am unpersuaded, because the Court has not retained jurisdiction, and considerations of efficiency cannot overcome that fundamental fact.

---

jurisdiction and reopened the action to enforce the settlement agreement because the motion to reopen was deemed to have been timely filed. Here, not only is it undisputed that the motion to reopen was not filed within the 60-day window, but the order dismissing the action failed to retain subject matter jurisdiction over the settlement agreement or incorporate its terms.

The appropriate forum for enforcement of the settlement agreement is a separate action for breach of contract. As noted in my earlier opinion, SSC has already apparently filed such a separate action, Civ. No. 15-4160. If there is diversity of citizenship and more than $75,000 at stake, see 28 U.S.C. § 1332, or if a federal claim is involved, see 28 U.S.C. § 1331, a federal court might be empowered to hear such a separate action. Otherwise, it must be brought in state court. Either way, if relief is sought against Mr. Turen, then presumably he should be joined as a party.

## ORDER

Accordingly, for the reasons stated above,

**IT IS** this 13th day of May, 2016

**ORDERED** that Plaintiff SSC's motion for reconsideration is **DENIED.**

_____
HON. KEVIN MCNULTY
United States District Judge